## DELL v. LANCASTER et al.   (No. 7569.)

(Court of Civil Appeals of Texas. San Antonio. May 12, 1926. Rehearing Denied June 9, 1926.)

1. **Master and servant** ⬅96(2)—**Railroad held not liable to workman assaulted by strikers, in absence of showing of connection between assault and his services.**

Railroad *held* not liable to coach painter for failure to tell him that strike was on at town to which he was sent to work, where he was assaulted on street of such town, in absence of showing of connection between assault and plaintiff's services to railroad.

2. **Master and servant** ⬅96(2)—**Railroad held bound only to exercise reasonable care to provide for safety of strike breaker while going to work or while engaged in work.**

Railroad *held* not liable for safety of strike breaker, except while he was on way to work, or while engaged in prosecution of such work, and then it was not insurer of his safety, but only bound to exercise reasonable care.

3. **Master and servant** ⬅154(1).

Railroad *held* not to have duty to inform workman, hired as strike breaker, that strike was on in town in which he was sent to work.

4. **Master and servant** ⬅217(1).

Strike breaker assumed risk of violence, except that occurring while he was on premises of employer or actively engaged in employment.

5. **Master and servant** ⬅72½.

Railroad, in absence of promise to pay therefor, *held* not liable for hotel bill of strike breaker and family while he worked.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Action by Frank Dell against J. L. Lancaster and another, receivers of the Texas & Pacific Railway Company, and another. From a judgment sustaining a general demurrer to the petition, plaintiff appeals. Affirmed.

John W. Craig, of Dallas, for appellant.

T. D. Gresham, Gresham, Willis & Freeman, and Albert S. Johnson, all of Dallas, for appellees.

FLY, C. J. Appellant sued J. L. Lancaster and Charles L. Wallace, receivers of the Texas & Pacific Railway Company, and the company itself, to recover damages alleged to have accrued by reason of the action of appellees, who had employed him as a railroad coach painter, in sending him, without notice of the condition of affairs, to Marshall, Tex., to serve them where they knew a strike of railroad employés was under way, of which appellee was utterly ignorant, and that, while he and his wife were quietly walking on the street, they were abused, cursed, maligned, and assaulted, beaten, and bruised by the strikers. The court sustained a general demurrer to the petition, which action appellant claims to have been fundamentally erroneous.

It was alleged that appellant, at that time a resident of Cleveland, Ohio, came to Texas to enter the employment of appellees as a painter of railway coaches, and that, after he reached Dallas, he was ordered and directed to proceed to Marshall to begin his labors. He went there in ignorance of the fact that a strike of railroad employés was being carried on at that time, although that fact was known to appellees, and it was also known to them that it was dangerous and unsafe for appellant and his wife to go to Marshall, and yet they gave no warning to appellant, but negligently directed him to go there. It was alleged that appellant and his wife were abused, cursed, and maligned while walking on the street, and assaulted and injured; that appellant, immediately upon learning of the strike, notified appellees of his fear and anxiety, and desired to leave their service and return to Dallas, but was informed that they would not furnish return transportation to Dallas, unless appellant would work for them a week, to which appellant acceded, and worked for a week and then returned to Dallas. The allegations show that the attack was made on appellant at the time of his arrival, and that he worked for a week thereafter without any further attack being made on him, although opprobrious language was used by the strikers, and his children were called "dirty scabs." Appellant also claimed the sum of $38.73, being amount of excess freight and storage of household goods paid by appellees, and the sum of $150 amount paid by appellant for his hotel for the week he worked in Marshall.

[1] The whole claim is based on the charge that appellees were negligent in not informing appellant that a strike was on before they sent him to Marshall. There was no allegation that appellant was not protected from violence while at work for appellees, but, on the other hand, it is affirmatively stated that appellant and wife were on the street and not on the premises of appellees when attacked. The cause of the attack is not given, and it is not alleged that appellant was a strike breaker, or what is known as a "scab," and that he was attacked on that ground. There is no allegation that in any manner connects the assault upon appellant with his service for appellees. The facts show a criminal assault upon appellant by lawbreakers upon the streets of Marshall, but give no inkling of the cause of such attack. There is no allegation that appellees failed to furnish a safe place in which he could work, or that the assault had any connection with his employment by appellees. He was, for some reason not disclosed, attacked while on the street by lawless charac-

---

ters for whose acts appellees were not responsible. The petition fails to show that, if there were any danger in going to or remaining in Marshall, it was so because of the employment in which appellant was engaged. The attack was not made on the property of appellees or by any person in its employ or for whom it could be liable. There is no allegation tending to show any causal connection between a failure to disclose the existence of a strike and the attack made by ruffians on appellant in Marshall. The attack may have arisen from a personal altercation totally disconnected with railroad work, for it does not appear from the allegations that his assailants knew the mission of appellant in Marshall. All that is disclosed is that appellant for some unknown or undisclosed reason was attacked on the streets of Marshall.

[2] Appellees were not liable for the safety of appellant, except while he was on a way to his work, which way was prepared for him by his employer, or while engaged in the prosecution of such work. Boatwright v. Casualty Co. (Tex. Civ. App.) 277 S. W. 802. The petition fails to show that any negligence upon the part of appellees was the proximate cause of the assault on him.

[3, 4] The question of intervening agencies between the original act of negligence and the catastrophe cannot arise in this case, for the reason that no original act of negligence was alleged in the petition. The duty did not devolve upon appellees to inform appellant that a strike was on in Marshall, and that it would be dangerous for him and his wife to leave the railroad premises and stroll about the town. Appellees could not have anticipated any such event, and could presume that any railroad laborer would have intelligence enough, when acting as a strike breaker, to know that there was a strike on for him to break, and that it might be unsafe for the strike breaker to go out on the streets where strikers were congregated. Appellant must have known, when he was given transportation by the appellees from · Cleveland, Ohio, to Dallas, Tex., in order to obtain his services, that there was some great emergency. The facts alleged by him show that he must have known, as every intelligent citizen, whether connected with railroads or not, knew that a nation-wide strike of railway employés was in progress, and must have known as others do, that strike breakers are obnoxious to strikers, and that the striker resented the presence and activities of the strike breaker. Charged with the knowledge of these facts, the strike breaker deliberately assumed all risks of violence, except perhaps those occurring while he was on the premises of his employer or actively engaged in his employment. He was charged as fully

with the knowledge of the condition of affairs in Marshall as was the employer, and he assumed the risks. No duty to warn was laid on appellees. Appellees were bound to exercise reasonable care to provide a reasonably safe working place for appellant, but they were not the insurers of the servant's safety, not even had he been injured while engaged in their employment. They certainly could not be held to insure him against the acts of wrongdoers or criminals while he was not engaged in performance of the labor for which he had been engaged. He was not molested while engaged in his work.

[5] The allegations of the petition do not show any promise upon the part of appellees to pay hotel bills for appellant and family while engaged in their service, and no case was shown for a demand for such hotel bills.

The judgment is affirmed.