THIRD DIVISION September 30, 2005

1-05-0441

TAMMY MACDONALD, as Personal Representative ) Appeal from

of the Estate of Nicholas Michael James, Deceased, ) the Circuit Court 

) of Cook County.

Plaintiff-Appellant, )  

) 

v. ) No. 00 L 7249

)

WILLIAM HINTON, aka Bill Hinton and TAU, Inc., )

dba Trophies Are Us II, ) Honorable

) Diane J. Larsen,

Defendants-Appellees. ) Judge Presiding.

JUSTICE THEIS delivered the opinion of the court:

Plaintiff Tammy MacDonald appeals from the order of the circuit court of Cook County granting defendant William Hinton’s motion to dismiss her complaint for failure to state a claim pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2004)).  Plaintiff sued defendant, who employed her son Nicholas Michael James until he was murdered by one of his co-workers, convicted murderer David Maust, for damages under the Wrongful Death Act (740 ILCS 180/0.01 
et seq.
 (West 2004)), the “survival statute” of the Probate Act of 1975 (755 ILCS 5/27-6
 (West 2004)), and the family expense statute (750 ILCS 65/15 (West 2004)) based on breach of a duty to warn James of the danger posed by Maust.  On appeal, plaintiff contends that the circuit court erred in dismissing her complaint because she stated a claim that: (1) defendant breached his duty to warn James that Maust was a convicted murderer; and (2) that “[d]efendants are directly liable for negligently hiring and retaining a violent person known to pose a risk to others, without issuing a simple warning.”  We affirm.  

On May 20, 2004, plaintiff filed a three-count complaint against defendant.  In response, on June 4, 2004, defendant filed a motion for judgment on the pleadings, requesting that plaintiff’s complaint be dismissed pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2004)) on two primary grounds.  First, defendant contended that plaintiff was statutorily barred from asserting such a claim by the exclusive remedy provided in the Workers’ Compensation Act (820 ILCS 305/1 
et seq.
 (West 2004)).  Second, defendant argued that plaintiff sought to impose a duty on employers to warn employees about violent tendencies of other employees and to anticipate their possible criminal acts, which is not required by law.  Plaintiff filed a memorandum in opposition to defendant’s motion.  On August 30, 2004, the court declined to grant defendant’s motion for judgment on the pleadings, but directed plaintiff to file an amended complaint by September 27, 2004.  

Plaintiff filed an amended complaint on September 13, 2004.  Therein, plaintiff alleged that in May 2003, defendant employed Maust and her 19-year-old son James at his trophy business, Trophies Are Us II, in Dolton, Illinois.  Defendant also owned a residential apartment building in Hammond, Indiana, and leased an apartment to James and another to Maust.  Occasionally, defendant also employed James and Maust to perform repair work at the apartment building.  Maust befriended James at work and frequently provided James with transportation to and from their mutual places of residence and work.  

Subsequently, Maust assaulted and killed James.  Maust buried James’s body in the basement of defendant’s apartment building.  The homicide did not occur while the men were engaged in the course of their employment at Trophies Are Us.  

Plaintiff alleged that defendant knew that Maust was “a convicted killer who constituted a mortal danger to young men such as [James] with whom he was able to make acquaintance through mutual employment or otherwise.”  Defendant also knew of the relationship that had developed between James and Maust, and that James was not likely to become aware of the “mortal danger” posed by Maust on his own.  Therefore, plaintiff asserted, defendant was negligent insofar as he breached a duty to warn James that Maust was “a convicted killer,” whose “previous victims were young males,” and that “Maust had established an acquaintance or some other sort of personal relationship with his previous victims prior to killing them *** suddenly, brutally and without warning.”  Plaintiff concluded that James’s death was proximately caused by defendant’s breach of duty to warn James about Maust.   

Accordingly, in count I of the complaint, plaintiff sought damages for James’s death pursuant to the Wrongful Death Act (740 ILCS 180/0.01 
et seq.
 (West 2004)).  In count II, plaintiff sought damages for mental and physical injuries to James leading to his death, as well as damages for “certain items of clothing, valuables and personal effects belonging to [James] [which] were lost or destroyed in the course of Maust’s assault,” pursuant to section 27-6 of the Probate Act of 1975 (755 ILCS 5/27-6 (West 2004)).  In count III, plaintiff sought compensation for the expenses of James’s funeral and cremation pursuant to the Illinois Family Expense Statute, which is section 15 of the Rights of Married Persons Act (750 ILCS 65/15 (West 2004)).

On January 12, 2005, following more briefing and argument, the circuit court granted defendant’s motion and dismissed plaintiff’s complaint with prejudice.  The court specifically found that plaintiff failed to plead any cognizable duty on the part of defendant.  Plaintiff filed her timely notice of appeal from that order on February 10, 2005.  

On appeal, plaintiff first contends that she stated a claim of negligence against defendant based on a breach of defendant’s duty to warn James about Maust.  Specifically, plaintiff relies on section 471 of the Restatement (Second) of Agency (Restatement (Second) of Agency § 471 (1958)) to assert that defendant should have warned James that Maust was “a convicted murderer” with the “propensity to befriend boys and young men and then, having won their confidence, to kill them.” 

A section 2-615 motion to dismiss attacks the legal sufficiency of the complaint, alleging that the complaint is defective on its face.  
Chandler v. Illinois Central R.R. Co.
, 207 Ill. 2d 331, 348, 798 N.E.2d 724, 733 (2003).  The question presented by a section 2-615 motion to dismiss is whether the allegations in the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted.  
Beahringer v. Page
, 204 Ill. 2d 363, 369, 789 N.E.2d 1216, 1221 (2003).  Because ruling on a section 2-615 motion to dismiss does not require a court to weigh facts or to determine credibility, our review is 
de novo
.  
Vernon v. Schuster
, 179 Ill. 2d 338, 344, 688 N.E.2d 1172, 1175 (1997).  

In order to state a claim for negligence, the plaintiff must set out sufficient facts to allege the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately resulting from the breach.  
Rowe v. State Bank of Lombard
, 125 Ill. 2d 203, 215, 531 N.E.2d 1358, 1364 (1988).  Whether a duty of care exists is a question of law to be determined by the court.  
City of Chicago v. Beretta U.S.A. Corp.
, 213 Ill. 2d 351, 391, 821 N.E.2d 1099, 1125 (2004).  In the absence of allegations that would show the existence of a duty, no recovery by the plaintiff is possible.  See 
Rowe
, 125 Ill. 2d at 215, 531 N.E.2d at 1364.     

Ordinarily, a party owes no duty of care to protect another from the harmful or criminal acts of third persons.  
Petersen v. U.S. Reduction Co.
, 267 Ill. App. 3d 775, 779, 641 N.E.2d 845, 848 (1994), citing 
Fancil v. Q.S.E. Foods, Inc.
, 60 Ill. 2d 552, 556, 328 N.E.2d 538, 540 (1975); see also L. Sharp, 
Employer’s Liability to Employee or Agent for Injury or Death Resulting from Assault or Criminal Attack by Third Person
, 40 A.L.R.5th 1, 13 (1996).  However, the law recognizes at least four exceptions to this rule: (1) when the parties are in a special relationship and the harm is foreseeable; (2) when an employee is in imminent danger and this is known to the employer; (3) when a principal fails to warn his agent of an unreasonable risk of harm involved in the agency; and (4) when any party voluntarily or contractually assumes a duty to protect another from the harmful acts of a third party.  
Petersen
, 267 Ill. App. 3d at 779, 641 N.E.2d at 848; Sharp, 40 A.L.R.5th at 13-14; see also W. Keeton, Prosser & Keeton on Torts § 56 (5th
 ed. 1984) (discussing when an individual is liable to another for the failure to act).  

The first exception to the rule is set forth in section 314A of the Restatement (Second) of Torts (1965), which 
provides that when a special relationship exists between the plaintiff and the defendant, the defendant owes the plaintiff a duty to protect him from unreasonable risks of physical harm arising within the scope of the relationship.  
Petersen
, 267 Ill. App. 3d at 780, 641 N.E.2d at 849, citing 
Fancil
, 60 Ill. 2d at 559-60, 328 N.E.2d at 542; Sharp, 40 A.L.R.5th at 13, n.4.  However, Illinois does not consider the employer-employee relationship to be one of the special relationships covered by the section 314A exception.  
Petersen
, 267 Ill. App. 3d at 780-81, 641 N.E.2d at 849; see also Sharp, 40 A.L.R.5th at 14 (explaining that courts are split on the issue of whether the employer-employee relationship is a special relationship); Restatement (Third) of Torts § 40 (Proposed Final Draft 2005) (including the employer-employee relationship on the list of special relationships, but only where the employee is in imminent danger or injured and thereby helpless).  The second exception to the rule against tort liability for the criminal activities of third persons comes from section 521(1) of the Restatement (Second) of Agency.  
Petersen
, 267 Ill. App. 3d at 781, 641 N.E.2d at 849; Sharp, 40 A.L.R.5th at 13, n.5.  That exception imposes a duty on employers “to exercise reasonable care to protect an employee ‘who comes into a position of imminent danger or serious harm and this is known’ to the employer.”  
Petersen
, 267 Ill. App. 3d at 781, 641 N.E.2d at 849, quoting Restatement (Second) of Agency § 521(1) (1958).  The fourth exception is based on an express assumption of duty.  See 
Petersen
, 267 Ill. App. 3d at 780, 641 N.E.2d at 849; Sharp, 40 A.L.R.5th at 13-14.  

Here, plaintiff relies upon the third exception, which is based on section 471 of the Restatement (Second) of Agency, to allege the existence of a duty.  
Petersen
, 267 Ill. App. 3d at 782, 641 N.E.2d at 850; Sharp, 40 A.L.R.5th at 13, n.6.  Section 471 of the Restatement (Second) of Agency discusses when a principal would be liable for a breach of his duty to warn his agent of a particular risk, resulting in injury to the agent.  Section 471 provides that:

“A principal is subject to liability in an action of tort for failing to use care to warn an agent of an unreasonable risk 
involved in the employment
, if the principal should realize that it exists and that the agent is likely not to become aware of it, thereby suffering harm.”  (Emphasis added.) Restatement (Second) of Agency § 471 (1958).  

Accordingly, based on section 471 of the Restatement (Second) of Agency, a duty for an employer to issue a warning to an employee would arise only where the risk is (1) unreasonable, (2) involved in the employment, (3) foreseeable, and (4) the employee is not likely to become aware of it on his own.  Restatement (Second) of Agency § 471 (1958).  

One issue presented by plaintiff’s complaint is whether she pled that the risk posed by Maust was “involved in the employment” relationship between defendant and James.  Our research has failed to yield any cases from any jurisdiction in the United States that have discussed whether a particular risk was “involved in the employment” as defined in section 471 of the Restatement (Second) of Agency.  However, we find
 instructive three cases from other jurisdictions which discuss similar issues.

The case that most closely resembles the factual scenario in the case at bar is the 80-year-old case of 
Dell v. Lancaster
, 285 S.W. 685 (Tex. Civ. App. 1926).  In that case, the Court of Civil Appeals of Texas affirmed the dismissal of an employee’s complaint because the employee failed to plead that injuries he sustained in an assault had any connection to his employment.  
Dell
, 285 S.W. at 685-86.  The employee was hired by the defendant employer to paint railroad coaches during a strike; however, the employer did not inform the employee of the strike.  
Dell
, 285 S.W. at 685.  Sometime after he began his employment, while walking in town with his wife, the employee “was, for some reason not disclosed, attacked while on the street by lawless characters for whose acts [the employer was] not responsible.”  
Dell
, 285 S.W. at 685-86.  

The employee claimed that his employer was liable for his injuries because the employer was “negligent in not informing [him] that a strike was on” before he began work.  
Dell
, 285 S.W. at 685.  However, the court found that the employee should have known of the circumstances on his own and held that a strikebreaker assumed the risk of violence from strikers while off the premises of the employer and while the employee was off-duty.  
Dell
, 285 S.W. at 686.  In so holding, the court observed that the complaint contained:

“no allegation that [the employee] was not protected from violence while at work, * * * [but] it is affirmatively stated that [the employee] and his wife were on the street and not on the premises of [the employer] when attacked.  The cause of the attack is not given, and it is not alleged that [the employee] was a strike breaker, or what is known as a ‘scab,’ and that he was attacked on that ground.  There is no allegation that in any manner connects the assault upon [the employee] with his service for [the employer].  The facts show a criminal assault upon [the employee] by lawbreakers on the streets of Marshall, but give no inkling of the cause of such attack.”  
Dell
, 285 S.W. at 685.

Similarly, in 
Slagle v. White Castle Systems, Inc.
, 79 Ohio App. 3d 210, 217, 607 N.E.2d 45, 49 (1992), the Court of Appeals of Ohio declined to hold an employer liable for injuries sustained by an employee who was assaulted on his way home from work.  The plaintiff-employee in that case sought to hold his employer liable under the section 314A special relationship exception.  Restatement (Second) of Torts § 314A (1965).
  
The employee contended that his employer should have been held liable for the injuries he sustained in the assault because the employer assigned him to work the overnight shift, then allowed him to walk home by himself at 3:15 a.m.  
Slagle
, 79 Ohio App. 3d at 213, 607 N.E.2d at 47.  The court found the employer not liable because the assault occurred while the employee was traveling home from work, which was outside the course of the victim’s employment.  
Slagle
, 79 Ohio App. 3d at 216-17, 607 N.E.2d at 49.  The court explained that an employer has no duty to protect an employee from harm arising outside the scope of the employment relationship under section 314A.  
Slagle
, 79 Ohio App. 3d at 216-17, 607 N.E.2d at 49.  

In 
Jackson v. Remington Park, Inc.
, 1994 Ok. Civ. App. 72, 874 P.2d 814, 816-17 (1994), the Court of Appeals of Oklahoma found an employer not liable when one of its employees assaulted the plaintiff after the
 plaintiff went to the defendant-employer’s racetrack in order to repay a debt to the employee.  
Although the employee was at work at the time he committed the assault, the court found that the assault was not within the scope of his employment at the racetrack and absolved the defendant of liability.  
Jackson
, 874 P.2d at 816-17.  The court explained that even though the employer’s business was a racetrack, the employee’s efforts to collect an old personal debt could not have been said to further the business of the employer.  
Jackson
, 874 P.2d at 816-17.  

In each of the above cases, the assaults did not arise from the nature of the employment relationship.  Although 
Slagle
 was a case about whether the plaintiff’s injuries were sustained within the scope of his employment, and the phrase “involved in the employment” in section 471 may have been meant to encompass a broader class of risks than those confined within the scope of the employment (compare Restatement (Second) of Agency § 471 (1958), with
 Restatement (Third) of Torts § 40 (Proposed Final Draft 2005), and Restatement (Second) of Torts § 314A (1965)), 
Slagle
 emphasizes how there will be no employer liability for an employee’s injuries where the injuries have no connection to the employment relationship.  See 
Slagle
, 79 Ohio App. 3d at 216-17, 607 N.E.2d at 49.  As demonstrated in 
Jackson
, even where the employee is supposed to be working at the time he commits a criminal act, if the act is not related to the employer’s business, it cannot serve as a basis for employer liability.  See 
Jackson
, 874 P.2d at 816-17.  As suggested in 
Dell
, to state a claim for negligent failure to warn of a risk involved in the employment, the employee must allege some direct connection to the nature of the employment relationship. See 
Dell
, 285 S.W. at 685.  We therefore hold that in order for the risk to be “involved in the employment,” it must arise from the particular nature of the employment. 

Here, plaintiff’s complaint fails to allege that 
James’s injuries arose from the particular nature of his employment at Trophies Are Us.  Plaintiff specifically alleged that the murder did not occur while the two men were engaged in the course of their employment at Trophies Are Us.  The complaint also contains no allegations to suggest that the murder occurred on the premises of Trophies Are Us.  Rather, plaintiff asserted that Maust buried James’s body in the basement of their apartment building.
  The only connection to the employment plaintiff alleged in the complaint was that Maust and James became friends through work.  However, friendship is not a risk peculiar to the employment at Trophies Are Us.  Maust could have become acquainted with James under other circumstances.  We therefore find that James’s injuries were not involved in his employment relationship with defendant.  Accordingly, defendant cannot be liable for James’s injuries under section 471.  

Another issue posed by plaintiff’s complaint is whether the harm inflicted by Maust was foreseeable.  The risk of a criminal assault on an employee is foreseeable if the employer knew or should have known of facts evidencing a threat of harm particular to his employees, but not common to all persons in the area.  See Sharp, 40 A.L.R.5th at 14-15.  For example, in 
Blake v. Consolidated R. Corp.
, 129 Mich. App. 535, 546, 342 N.W.2d 599, 606 (1983), appeal after remand 176 Mich. App. 506, 439 N.W.2d 914 (1990), the Court of Appeals of Michigan found that an employer, a railroad, had a duty to protect its employees from assaults by one Rudy Bladel, who had murdered at least three other employees of the same branch of the railroad while they were working because of a “vendetta” he had against the railroad.  

Where the harm is not confined to a particular group of employees, the harm is not foreseeable and the employer has no duty to warn of it.  See, 
e.g.
, 
A.H. v. Rockingham Publishing Co.
, 255 Va. 216, 495 S.E.2d 482 (1998).  For instance, in 
A.H.
, the Supreme Court of Virginia found that injuries sustained by the plaintiff, a paper carrier, when he was sexually assaulted by one of the patrons on his early morning route in Harrisonburg, Virginia, were not foreseeable.  
A.H.
, 255 Va. at 221-22, 495 S.E.2d at 486.  The court relied on section 56 of Prosser & Keeton on Torts (W. Keeton, Prosser & Keeton on Torts § 56 (5th
 ed. 1984)) and explained that even though the defendant publishing company knew of three prior sexual assaults on early morning paper carriers in the city in the five years prior to the plaintiff’s assault, the defendant had no reason to believe that the plaintiff would be assaulted on his particular paper route.  
A.H.
, 255 Va. at 221-22, 495 S.E.2d at 486. 

Here, as in 
A.H.
, although plaintiff alleged that defendant was aware that Maust was “a convicted killer who constituted a mortal danger to young men such as [James] with whom he was able to make acquaintance through mutual employment or otherwise,” and that Maust’s “previous victims were young males,” with whom “Maust had established an acquaintance or some other sort of personal relationship with *** prior to killing them *** suddenly, brutally and without warning,” plaintiff failed to allege that an employee such as James was particularly at risk.  Plaintiff’s allegation that Maust would kill individuals he befriended through “mutual employment 
or otherwise
,” leaves the threat of harm open to a very broad group of individuals who are not necessarily employees of Trophies Are Us, like James.  Therefore, the harm inflicted by Maust was not foreseeable, and defendant is not liable for breach of a duty to warn James about Maust’s background.  

Plaintiff next contends that “defendants are directly liable for negligently hiring and retaining a violent person known to pose a risk to others, without issuing a simple warning to other employees.”  In support of that contention, plaintiff relies upon section 213 of the Restatement (Second) of Agency, which provides that a principal “is subject to liability for harm resulting from his conduct if he is negligent or reckless *** [
inter alia
] in the employment of improper persons or instrumentalities in work involving a risk of harm to others” (Restatement (Second) of Agency § 213 (1958)), and cases discussing employer liability for negligent hiring.  

However, as defendant points out, plaintiff did not include a claim of negligent hiring in her complaint.  Rather, plaintiff merely alleged that defendant “had a duty to use care to warn” James of the risks posed by Maust.  

Although a motion to dismiss does not lie if a good cause of action is stated in a complaint, even if that cause of action was not intended by the plaintiff (
Gregor v. Kleiser
, 111 Ill. App. 3d 333, 337, 443 N.E.2d 1162, 1166 (1982)), the pleadings must contain sufficient facts to support the claim and to inform the defendant of the nature, circumstances of, and theory behind it (
Moore County Water Co-op v. City of Waterloo
, 107 Ill. App. 3d 477, 481, 437 N.E.2d 1237, 1240 (1982)).  In order to state a claim for negligent hiring, a plaintiff must allege that the employer hired or retained an employee who he knew, or should have known, was unfit for the job in the sense that the employment would place the employee in a position where his unfitness would create a foreseeable danger to others.  
Carter v. Skokie Valley Detective Agency, Ltd.
, 256 Ill. App. 3d 77, 80, 628 N.E.2d 602, 604 (1993).  An action for negligent hiring can be maintained even where an employee commits a criminal or intentional act which is outside the scope of the employment if the employee is on the employer’s premises or using the chattel of the employer, and the employer has reason to know of the need and opportunity for exercising control over the employee.  
Johnson v. Mers
, 279 Ill. App. 3d 372, 376, 664 N.E.2d 668, 672 (1996); 
Escobar v. Madsen Construction Co.
, 226 Ill. App. 3d 92, 95, 589 N.E.2d 638, 640 (1992) (discussing section 317 of the Restatement (Second) of Torts).   

  Here, plaintiff’s complaint contains no facts that would support a negligent hiring claim. Plaintiff alleged that Maust killed James outside the scope of their employment at Trophies Are Us, but failed to allege that Maust killed James on defendant’s premises or with the instrumentalities of the employment.  Thus, plaintiff’s complaint, even liberally construed, was insufficient to state a claim of negligent hiring.  

We therefore affirm the order of the circuit court of Cook County dismissing plaintiff’s complaint.

Affirmed.  

KARNEZIS and ERICKSON, JJ., concur.  

REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT

_________________________________________________________________

TAMMY MACDONALD, as Personal Representative of the 

Estate of Nicholas Michael James, Deceased, 

 
 

Plaintiff-Appellant, 

v.

WILLIAM HINTON, aka Bill Hinton and TAU, Inc.,

dba Trophies Are Us II,

Defendant-Appellee.

________________________________________________________________

 
No. 1-05-0441

 Appellate Court of Illinois

First District, 
Third Division

Filed: September 30, 2005

_________________________________________________________________

JUSTICE THEIS delivered the opinion of the court.

Karnezis and Erickson, JJ., concur.

_________________________________________________________________

Appeal from the Circuit Court of Cook County

Honorable Diane J. Larsen, Judge Presiding

_______________________________________________________________
__

For APPELLANT William H. Tobin

453 E. 166
th
 St.

South Holland, IL 60473

For APPELLEE Michael Buckley Bolan

Durkin & Roberts

53 W. Jackson Blvd., Suite 615

Chicago, IL 60604