2024 IL App (1st) 231479-U

No. 1-23-1479

Order filed April 30, 2024

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| QUINTON COOLEY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| AMITA ST. FRANCIS HOSPITAL OF EVANSTON, | ) | No. 22 L 8263 |
| JOHN DOES 1-10, INCLUSIVE DEFENDANT, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | Honorable |
| (Amita St. Francis Hospital of Evanston, Defendant-Appellee). | ) | Anthony C. Swanagan, |
| | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*: Dismissal with prejudice of plaintiff's amended complaint is affirmed where plaintiff's cause of action was time-barred by the two-year statute of limitation period.

¶ 2    Plaintiff Quinton Cooley appeals *pro se* from the circuit court's order dismissing with prejudice under section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West

2022)) his amended complaint against defendant Presence Chicago Hospitals Networks d/b/a Ascension Saint Francis.[1] On appeal, plaintiff argues that he timely filed his amended complaint and the allegations in his original complaint were "specific and detailed enough." We affirm.

¶ 3    On September 14, 2022, plaintiff filed a *pro se* complaint against defendant alleging one count each of gross negligence and false imprisonment. He alleged that, "[o]n the particular date and time in question in the instant matter," he visited defendant's "organization" for back pain treatment. There, defendant's staff "wrongfully and fraudulently" accused him of self-harm, "physically assault[ed]" him, gave him "injections" without "informed consent," and "chok[ed]" him. Plaintiff also alleged that defendant held and "falsely imprison[ed]" him for four days until he was released. He did not state the date(s) on which the alleged misconduct occurred. Plaintiff sought compensatory damages for economic and noneconomic damages caused by treatment costs and pain and suffering he experienced.

¶ 4    Plaintiff attached to his complaint a letter addressed to him from the Illinois Guardianship and Advocacy Commission dated October 2, 2019. The letter stated that the North Suburban Human Rights Authority voted to accept for investigation plaintiff's concerns about defendant's treatment of him in the emergency room.

¶ 5    Defendant filed a motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code (735 ILCS 5/2-615 (West 2022)) for failure to plead specific factual allegations regarding when the alleged events occurred. It also filed a motion to dismiss pursuant to section 2-619, stating that, while plaintiff did not identify when the incidents took place, defendant believed the claims

---

[1] In his initial complaint, plaintiff misnamed defendant as "Amita St. Francis Hospital of Evanston." Our caption reflects defendant's name as it appears on that complaint, which initiated these proceedings.

related to care provided in 2019. Defendant asserted that, if that was the case, then plaintiff's 2022 complaint was time-barred by the two-year statutes of limitation applicable to causes of action for personal injury, including gross negligence and false imprisonment, citing section 13-202 of the Code (735 ILCS 5/13-202 (West 2022)). Defendant also asserted that plaintiff failed to provide documentation supporting his allegations of medical negligence.

¶ 6    Defendant later filed separate reply briefs in support of each motion to dismiss, noting that plaintiff failed to respond to its motions to dismiss.

¶ 7    On March 31, 2023, the circuit court granted defendant's section 2-615 motion to dismiss and dismissed plaintiff's complaint without prejudice. The court found that plaintiff failed to specifically allege the date or dates on which the alleged incidents took place, and he failed to support his allegations of medical negligence with documentation. The court granted plaintiff leave to file an amended complaint by April 27, 2023, and granted defendant leave to answer or otherwise plead by May 18, 2023.

¶ 8    On April 28, 2023, plaintiff filed a *pro se* "first" amended complaint, setting forth similar allegations to those in his original complaint, but adding that he went to the hospital for treatment on August 20, 2019, at about 10 p.m., and was held and falsely imprisoned by defendant for four days.

¶ 9    On May 1, 2023, defendant filed a section 2-619 motion to dismiss the amended complaint, asserting that plaintiff's action, initiated in 2022, was time-barred under section 13-202 by the two-year statute of limitations as his allegations established that the alleged incidents took place from August 20 to August 24, 2019. Defendant also asserted that plaintiff's amended complaint again contained no documentation in support of the medical negligence allegations.

¶ 10 On May 8, 2023, the circuit court entered a briefing order directing plaintiff to file a response to the motion to dismiss by June 1, 2023, and defendant to file a reply by June 15, 2023.

¶ 11 On May 10, 2023, plaintiff filed a *pro se* "motion." While certain words of the handwritten motion are not legible, plaintiff appears to respond to the circuit court's order "saying [he] need[ed] to file a motion." Plaintiff stated that he filed his amended complaint, "so [he] want[ed] to see" if the court needed "anything else" from him, and if there was "anything" he "need[ed] to be aware of about following court dates."

¶ 12 On June 5, 2023, defendant filed a reply brief in support of its section 2-619 motion to dismiss. Defendant argued that its motion to dismiss should be granted with prejudice given plaintiff's failure to respond to its motion by June 1 as ordered.

¶ 13 On June 26, 2023, plaintiff filed a *pro se* "motion to reinstate," claiming that he filed a response on April 28, 2023, with the clerk's office, and it was "in the[ir] system."[2] He claimed that he mailed a copy of the response to defendant's counsel. Plaintiff requested that the "case be [brought] back before the court" and he "file[d] a respon[se] to the court per judge *** last order."

¶ 14 On July 27, 2023, the circuit court entered an order, noting due notice was given and only defense counsel was present at the hearing on the motion to dismiss. The court continued the matter to August 3, 2023, at 10 a.m., for an "in-person ruling" on defendant's motion to dismiss.

¶ 15 On August 3, 2023, the circuit court noted plaintiff was not in court, granted defendant's section 2-619 motion to dismiss, and dismissed plaintiff's amended complaint with prejudice. The court explained on the record that plaintiff identified the incident as happening in 2019, but did

---

[2] Based on the record before us, the only filing made on April 28, 2023, was plaintiff's "first" amended complaint.

not file his complaint until 2022, beyond the two-year statute of limitations. The court noted that plaintiff "very specifically" alleged that he was seeking to recover for injuries that "happened on the day or days of his hospitalization," and plaintiff was "not talking about injuries that he didn't discover until later." The court elaborated that "there's no reason for [plaintiff] not to have known of what he was seeking relief for as soon as he was out of the hospital." The court's written order stated that due notice had been given and dismissed the case with prejudice for the reasons stated on the record.

¶ 16    On appeal, plaintiff challenges the circuit court's dismissal of his amended complaint with prejudice. He contends that his amended complaint was timely filed and his original complaint was "specific enough" that it should have proceeded without the need for amendment.

¶ 17    As a preliminary matter, plaintiff arguably forfeited review of the circuit court's decision on the merits due to his failure to comply with Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020). Rule 341(h)(7) requires a brief to "contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). The rule further provides that points not argued in the opening brief are forfeited. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020).

¶ 18    Here, plaintiff challenges the circuit court's final order dismissing his amended complaint. However, he does not develop any cognizable substantive argument supported by relevant authority addressing the issue underlying the dismissal of his complaint: its untimeliness. He makes no substantive argument that his original complaint was timely, or that he did not know of his alleged injuries when they occurred in August 2019. Plaintiff's failure to do so arguably forfeits the issue. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). Nevertheless, as it is clear that plaintiff is

challenging the dismissal of his complaint pursuant to section 2-619 of the Code and we have the benefit of defendant's cogent appellee's brief, we chose to address the merits of the dismissal. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001) (finding meaningful review was not precluded where the merits underlying the appeal could be readily ascertained from the record).

¶ 19     Under section 2-619, a civil defendant may file a motion to dismiss an action on the ground that "the action was not commenced within the time limited by law." 735 ILCS 5/2-619(a)(5) (West 2022). A section 2-619 motion to dismiss "admits the legal sufficiency of the plaintiff's claim, but asserts certain defects or defenses outside the pleading that defeat the claim." *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 578-79 (2006). A section 2-619 motion also "admits as true all well-pleaded facts and all reasonable inferences from those facts." *Cahokia Unit School District No. 187 v. Pritzker*, 2021 IL 126212, ¶ 24.

¶ 20     When reviewing the ruling on a section 2-619 motion to dismiss, we "must construe the pleadings and supporting documents in the light most favorable to the nonmoving party." *Id.* "[A] cause of action should not be dismissed with prejudice unless it is clear that no set of facts can be proved under the pleadings which would entitle [the plaintiff] to relief." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). We review *de novo* a dismissal under section 2-619. *Pritzker*, 2021 IL 126212, ¶ 24.

¶ 21     Under section 13-212(a) of the Code (735 ILCS 5/13-212(a) (West 2022)), no action for damages for injury against any physician, registered nurse, or hospital arising out of patient care shall be brought more than two years "after the date on which the claimant knew *** of the existence of the injury *** for which damages are sought in the action, whichever of such date

occurs first." *Id.* Claims for personal injury and false imprisonment also carry a two-year statute of limitations. 735 ILCS 5/13-212 (West 2022).

¶ 22 Here, plaintiff alleges that on August 20, 2019, he went to defendant's facility, where staff "physically assault[ed]" him, gave him injections without his consent, choked him, and falsely imprisoned him for four days until he was finally released. But he did not initiate his cause of action premised on that conduct until he filed his initial complaint in September 2022, more than two years after he suffered his alleged injuries in August 2019.

¶ 23 "The discovery rule postpones the commencement of the relevant statute of limitations until an injured plaintiff knows or reasonably should know that they have been injured and that the injury was wrongfully caused." *Mitchell v. Michael's Sports Lounge*, 2023 IL App (1st) 220011, ¶ 45. However, there is nothing in plaintiff's amended complaint suggesting that he was unaware of his injuries at the time that he incurred them, such that the two-year statute of limitations would have been tolled. Accordingly, as plaintiff commenced his action more than two years after he suffered his injuries, the action was time-barred by the statute of limitations under both section 13-212(a) and section 13-202. 735 ILCS 5/13-212(a) (West 2022); 735 ILCS 5/13-202 (West 2022).

¶ 24 Nonetheless, plaintiff argues that the circuit court erred in dismissing his case for failure to timely file an amended complaint. His contention misses the mark. The circuit court dismissed his amended complaint with prejudice, because, pursuant to section 2-619(a)(5), his "*action* was not commenced within the time limited by law." (Emphasis added.) 735 ILCS 5/2-619(a)(5) (West 2022). Regardless of when he filed his amended complaint, plaintiff's action was not timely commenced as his original complaint was filed beyond the statute of limitations. See *Dopp v.*

*Village of Northbrook*, 257 Ill. App. 3d 820, 825 (1993) ("As plaintiff's underlying complaint was barred by the applicable statute of limitations, the amended pleading is untimely and must also fail.").

¶ 25    Plaintiff also argues his original complaint "should have proceeded without the need for amendment" because the complaint was specific and detailed enough to state a claim. However, plaintiff's original complaint was properly dismissed as it set forth no allegations as to when defendant treated him, and thus failed to set forth specific facts to inform defendant of the nature and circumstances of the claim against it. See *MacDonald v. Hinton*, 361 Ill. App. 3d 378, 387 (2005) (a plaintiff's complaint must "contain sufficient facts to support the claim and to inform the defendant of the nature, circumstances of, and theory behind it"). Further, the circuit court dismissed plaintiff's original complaint without prejudice and granted leave to amend, which he then did.

¶ 26    In conclusion, taking as true plaintiff's allegations that his action occurred from August 20 to 24, 2019, as we must (*Pritzker*, 2021 IL 126212, ¶ 24), the two-year statute of limitations procedurally bars plaintiff's claims. Thus, the circuit court did not err in dismissing plaintiff's amended complaint with prejudice as no set of facts could have proved plaintiff's claim timely such that plaintiff would be entitled to relief. See *Blagojevich*, 231 Ill. 2d at 488.

¶ 27    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 28    Affirmed.