THE PEOPLE *ex rel.* EDWARD A. BURMILA, JR., State's Attorney of Will County, Petitioner-Appellant, v. NINE HUNDRED SIX DOLLARS IN UNITED STATES CURRENCY *et al.*, Respondent-Appellee.

Third District   No. 3—92—0233

Opinion filed March 23, 1993.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Kenneth A. Grnacek, of Kallan & Grnacek, of Joliet, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The State filed a petition seeking the forfeiture of $906 in United States currency. The trial court denied the petition. The State appeals.

The record reveals the forfeiture petition alleged that the $906 was seized by law enforcement officers after they had negotiated the exchange of the money for cannabis. In his answer, the respondent, Thomas Parsons, alleged, *inter alia*, that the $906 was not subject to forfeiture because he had not committed a felony. He noted that he had only been charged with and pled guilty to the Class A misdemeanor of attempted possession of cannabis with intent to deliver. Ill. Rev. Stat. 1991, ch. 56½, par. 705(b); ch. 38, par. 8—4.

At the hearing on the forfeiture petition, the State argued that the money was forfeitable because the respondent intended to exchange it for cannabis. (Ill. Rev. Stat. 1991, ch. 56½, par. 705(b).) The respondent countered that under section 12(a)(5) of the Cannabis Control Act, a felony violation was required for the money to be forfeitable. (Ill. Rev. Stat. 1991, ch. 56½, par. 712(a)(5).) The trial court dismissed the State's petition, concluding that section 12(a)(5) was intended to apply only to felonies.

On appeal, the State contends that the trial court erred in dismissing the forfeiture petition. The State argues that the trial court erroneously concluded that the forfeiture statute required a felony conviction as a prerequisite to the entry of an order of forfeiture.

Section 12(a)(5) of the Cannabis Control Act provides for the forfeiture of:

"(5) everything of value furnished or intended to be furnished by any person in exchange for a substance in violation of this Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to commit or in any manner to facilitate any

felony violation of this Act." Ill. Rev. Stat. 1991, ch. 56½, par. 712(a)(5).

A close reading of the plain language of this statute reveals that there are two main groups of forfeitable materials. The first group consists of those things of value which were to be *exchanged for an illegal substance*. The second group consists of those monetary items which are used to *commit or facilitate a felony*.

Section 12(a)(5) provides that property intended to be *exchanged* for cannabis is forfeitable, regardless of whether it was part of a felony transaction. However, property which merely *facilitated* an offense may be seized only if the offense constituted a *felony* violation of the Cannabis Control Act. See Ill. Rev. Stat. 1991, ch. 56½, pars. 712(a)(3), (a)(4), (a)(5).

In the instant case the $906 was forfeitable since it was intended to be *exchanged* for cannabis. Accordingly, the trial court erred in requiring a felony violation.

The judgment of the circuit court of Will County is reversed.

Reversed.

McCUSKEY, P.J., and BARRY, J., concur.