FIFTH DIVISION
April 7, 2006

No. 1-05-0564

| | | |
|---|---|---|
| JIMMY IVORY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| SPECIALIZED ASSISTANCE SERVICES, INC., | ) | |
| a/k/a Substance Abuse Services, Inc., | ) | Honorable |
| | ) | John A. Ward, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff Jimmy Ivory appeals from an order of the trial court dismissing his breach of contract claim against his former employer, defendant Specialized Assistance Services, Inc., pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2002)). The trial court determined that plaintiff failed to state a cause of action because an express disclaimer in defendant's employee manual precluded the existence of an employment contract. On appeal, plaintiff contends that he sufficiently stated a breach of contract action based on the employee manual. He argues that the manual did not sufficiently disclaim the formation of a contract between the parties because the disclaimer was not separate and set apart, and was not explicit, clear and unambiguous. We affirm.

Plaintiff was employed by defendant for 16 years as a driver. In July 2002, defendant sent plaintiff a letter stating that plaintiff's position was eliminated due to

budgetary issues and his employment was terminated.  At the time of the termination, defendant had a policy and procedure manual in effect.  The introduction to the manual stated:

> "This Personnel Policies/Procedures document is an outline of the basic personnel policies, practices, and procedures in our agency.  It contains general statements of agency policy and it should not be read as forming an expressed or implied contract or promise.  The agency will try to keep the document current, but there may be times when the policy will change before this material can be revised.
>
> The policies and procedures set forth in this document prescribe the terms, conditions, and standards or personnel operations for Substance Abuse Services, Inc.[1] The content of which is neither contractually binding upon the agency nor restrictive in terms of amendment or interpretation by Substance Abuse Services, Inc. Employees are expected to acquaint themselves fully with the contents of this document in order to establish an employment relationship based on a complete understanding of Substance Abuse Services, Inc. personnel requirements,

---

[1] We note that defendant's company is Specialized Assistance Services, Inc., a/k/a Substance Abuse Services, Inc.

> expectations, and methods of conducting personnel
>
> matters."

Plaintiff filed a complaint alleging that he was wrongfully discharged because defendant breached provisions in the manual. Plaintiff specifically alleged that defendant breached its seniority provision because another, less senior employee was retained, and breached its notification provision because employees terminated without cause were supposed to be notified of job openings for a year following termination. Defendant filed a motion to dismiss alleging that its manual did not constitute a contract between the parties, and thus, plaintiff lacked contractual rights thereunder. The trial court granted defendant's motion to dismiss. This timely appeal followed.

Whether the trial court erred in dismissing plaintiff's complaint is a legal issue subject to *de novo* review. MacDonald v. Hinton, 361 Ill. App. 3d 378, 381-82 (2005). In reviewing a section 2-615 motion to dismiss, we must determine whether the allegations in the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. MacDonald, 361 Ill. App. 3d at 381.

The threshold issue is whether defendant's manual constituted a contract between the parties. The general rule for an employment relationship is that it is terminable at the will of either party, assuming the employee was hired for an indefinite period of time. Duldulao v. Saint Mary of Nazareth Hospital Center, 115 Ill. 2d 482, 489 (1987). This presumption, however, may be overcome if there is a demonstration that the parties contracted otherwise. Duldulao, 115 Ill. 2d at 489. An employee manual

can create enforceable contract rights if the traditional contractual elements are present, such that the language of the manual contains "a promise clear enough that an employee would reasonably believe that an offer has been made," the employee accepts and there is consideration through continued employment.  Duldulao, 115 Ill. 2d at 490.  However, where the employee manual contains a disclaimer indicating that the manual promises nothing and does not act as a contract, no enforceable contractual rights will be conferred on the employee based on that manual.  See Bennett v. Evanston Hospital, 184 Ill. App. 3d 1030, 1032 (1989), quoting Moore v. Illinois Bell Telephone Co., 155 Ill. App. 3d 781 (1987); see also Davis v. Times Mirror Magazines, Inc., 297 Ill. App. 3d 488, 498 (1998).

Here, defendant's manual contains a clearly worded disclaimer in its introduction.  The introduction explicitly describes defendant's intent in producing the manual as a general outline of company policy, while carefully indicating that the manual is not to serve as "forming an expressed or implied contract or promise" or as "contractually binding on the agency."  Under these circumstances, it was not reasonable for plaintiff to construe defendant's manual as an offer, which is necessary to create a contractual relationship between the parties.  We additionally note that the language plaintiff relies on as constituting a promise was also in the introduction of the manual with the disclaimer, thereby making plaintiff's reliance even less reasonable.  See Border v. City of Crystal Lake, 75 F.3d 270, 274 (7th Cir. 1996) (finding that, under Duldulao, the employee could not reasonably believe an employee handbook created an employment contract where the alleged promise was immediately followed by a disclaimer).  As a

4

1-05-0564

result, we find that the trial court did not err in dismissing plaintiff's complaint for failure to state a cause of action.

Accordingly, we affirm the judgment of the circuit court of Cook County.

Affirmed.

O'MARA FROSSARD and NEVILLE, JJ., concur.