## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2017, 10:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michelle F. Kraus
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tocarra L. Woodson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 20, 2017 <br><br> Court of Appeals Case No. <br> 02A03-1706-CR-1431 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Wendy Davis, Judge <br><br> Trial Court Cause No. <br> 02D05-1609-F6-1094 |

**May, Judge.**

[1] Tocarra L. Woodson appeals her aggregate two-year sentence for Level 6 felony identity deception[1] and Class A misdemeanor deception.[2] She argues the trial court abused its discretion when it did not recognize certain mitigators and her sentence is inappropriate. We affirm.

## Facts and Procedural History

[2] On June 2, 2016, Summit City Healthcare hired Woodson to be a registered nurse at its facility. Woodson does not hold a license to be a registered nurse and does not have a degree qualifying her to be a registered nurse. Summit City discovered discrepancies in Woodson's application, and after Woodson refused to provide a copy of a nursing license or her social security card, Summit City terminated her employment. Woodson did not interact with any patients at Summit City.

[3] On July 7, 2016, Woodson applied for a position as a registered nurse at Lutheran Life Villages. She provided a nursing license with the name Tocarra Welch and told Lutheran Life that Welch was her maiden name, though it was not. Lutheran Life hired Woodson. While working at Lutheran Life, Woodson was required to dispense medication to patients, draw blood, give insulin, start IVs, and care for wounds. Lutheran Life had issues with her

---

[1] Ind. Code § 35-43-5-3.5(a) (2014).

[2] Ind. Code § 35-43-5-3(a)(2) (2014).

performance, as Woodson attempted to administer the wrong medication to a patient and did not dress a wound properly. After an investigation by Lutheran Life and an Indiana Attorney General Investigator, Lutheran Life terminated Woodson on July 25, 2016. At the time of her termination, Woodson had worked 188 hours at Lutheran Life.

[4] Police arrested Woodson on September 28, 2016, and the State charged her with Level 6 felony identity deception and Class A misdemeanor deception. While out on bond, Woodson used Welch's identity to secure another nursing job with Home Health Care Agency from December 7, 2016, to April 4, 2017. She faces additional charges related to that incident.

[5] On April 11, 2017, Woodson pled guilty as charged. On May 31, 2017, the trial court held a sentencing hearing and sentenced Woodson to two years for Level 6 identity deception and one year for Class A misdemeanor deception, to be served concurrently. The trial court also noted on its judgment of conviction, "[Woodson] ordered to refrain from seeking employment [at] Medicaid facility if released while still serving executed sentence through alt[ernative] sentencing." (App. Vol. II at 24) (emphasis in original).

# Discussion and Decision

## Abuse of Discretion

[6] When the trial court imposes a sentence within the statutory range, we review for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007),

*clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). We may reverse a decision that is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quoting *In re L.J.M.*, 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). The trial court is not required to find mitigating factors or give them the same weight the defendant does. *Flickner v. State*, 908 N.E.2d 270, 273 (Ind. Ct. App. 2009). "When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the proffered factors to be mitigating." *Johnson v. State*, 855 N.E.2d 1014, 1016 (Ind. Ct. App. 2006), *trans. denied*. However, a court abuses its discretion if it does not consider significant mitigators advanced by the defendant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 490.

[7] The trial court found as mitigators the fact that Woodson took responsibility for her actions, pled guilty, and expressed remorse, though the court noted, "I'm trying to ferret through that remorse. . . . I think it's heartfelt probably because you're in custody, but candidly, based on your history, I'm not sure how credible it is[.]" (Tr. Vol. II at 24-5.) The trial court found as aggravators Woodson's criminal history, the circumstances of the case, and failed attempts at rehabilitation. Woodson argues the trial court abused its discretion when it did not consider as mitigators Woodson's contention she "suffered from physical, emotional, sexual and verbal abuse by her mother and her mother's boyfriend from age nine to eighteen[,]" (Br. of Appellant at 7); she had four

dependent children; her Indiana Risk Assessment System ("IRAS") score indicated she was only a moderate risk to reoffend;[3] and she was attending school and was employed at the time of sentencing.

[8] First, regarding Woodson's history of abuse, we note Woodson did not present this factor as mitigating to the trial court, and the only mention thereto exists as part of her presentence investigation report. Thus, our consideration of that mitigator is waived. *See Bryant v. State*, 984 N.E.2d 240, 252 (Ind. Ct. App. 2013) ("Failure to present a mitigating circumstance to the trial court waives consideration of the circumstance on appeal."), *trans. denied*. Waiver notwithstanding, our Indiana Supreme Court has held "that evidence of a difficult childhood is entitled to little, if any, mitigating weight." *Bethea v. State*, 983 N.E.2d 1134, 1141 (Ind. 2013). We therefore conclude the trial court did not abuse its discretion when it did not give this factor mitigating weight.

[9] Woodson has four dependent children. Absent special circumstances, a trial court is not required to find incarceration would place an undue burden on a defendant's minor children, because many incarcerated individuals have children. *Reese v. State*, 939 N.E.2d 695, 703 (Ind. Ct. App. 2011), *trans. denied*. Because Woodson did not demonstrate the hardship on her children would be greater than that usually experienced by children whose parent is incarcerated,

---

[3] The trial court did consider Woodson's IRAS score, but chose not to give it mitigating weight, nor was the court required to do so. *See Flickner*, 908 N.E.2d at 273 (trial court is not obliged to give a mitigating factor the same weight the defendant does).

the trial court did not abuse its discretion when it did not give this factor mitigating weight.

[10] Woodson testified she had a job cleaning buildings and was in school with a GPA of 3.62. The trial court is not required to find her ability to maintain employment a significant mitigating factor. *See Creekmore v. State*, 853 N.E.2d 523, 530 (Ind. Ct. App. 2006) ("many people are gainfully employed such that this would not require the trial court to note it as a mitigating factor or afford it the same weight as defendant proposed"), *clarified on denial of reh'g in Creekmore v. State*, 850 N.E.2d 230 (Ind. Ct. App. 2006). Nor was the court obliged to find Woodson's pursuit of higher education a mitigator. *See Benefield v. State*, 904 N.E.2d 239, 248 (Ind. Ct. App. 2009) (trial court not required to find higher education a mitigator), *trans. denied*. Thus, the trial court did not abuse its discretion when it did not give these factors mitigating weight.

### *Inappropriate Sentence*

[11] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied*. The appellant bears the burden of demonstrating her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[12]     When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence. *Anglemyer*, 868 N.E.2d at 494. The advisory sentence for a Level 6 felony is one year, with a sentencing range between six months and two and one-half years. Ind. Code § 35-50-2-7(b) (2016). One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*.

[13]     Woodson argues she committed "non-violent, low-level" offenses. (Br. of Appellant at 7.) However, her argument ignores the danger she put multiple patients in when she used false information to obtain nursing jobs without a license or degree. Robin Good, the director of nursing at Lutheran Life Villages, where Woodson fraudulently practiced nursing, indicated Woodson was responsible for "administering medications . . . drawing blood . . . giving Insulin . . . administering medications through IVs, [and] dressing changes." (Tr. Vol. II at 13.) Good also testified that during Woodson's employment at Lutheran Life, Woodson "was attempting to administer the wrong medications to patients at the wrong times one of those being Coumadin which is a blood thinner. I can't say for the IV whether she did it correctly or not. The dressing change on the pic line which made it not functional." (*Id*. at 13-14.) While these actions were not life-threatening, Good admitted Woodson's actions

could have endangered someone's life because "if you run an IV incorrectly it could be fatal. You could get renal failure. . . . With giving insulin you could - if you give the wrong dose there's many, many things that could happen." (*Id.* at 14.)

[14] To prove Woodson committed Level 6 identity deception, the State had to provide evidence she used another person's identity without that person's consent with the intent to defraud or harm another person, assume another person's identity, or profess to be another person. *See* Ind. Code § 35-43-5-3.5(a) (elements of identity deception). Woodson's actions far exceeded those required for the commission of the crime. Based thereon, we cannot say Woodson's sentence is inappropriate based on the nature of her offenses. *See Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013) (sentence not inappropriate based on nature of the offense when the circumstances of the crime committed exceeded the necessary elements of the crime), *trans. denied*.

[15] When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Woodson, who was twenty-eight years old at the time of sentencing, has accumulated five misdemeanor and three felony convictions as an adult. Woodson's convictions are mostly for crimes of deception, such as check deception, false informing, check fraud, and theft. Based thereon, we cannot say Woodson's sentence is inappropriate based on her character. *See Stephenson*

*v. State*, 53 N.E.3d 557, 562 (Ind. Ct. App. 2016) (holding enhanced sentence not inappropriate where appellant had criminal history reflecting poorly on his character).

# Conclusion

[16] The trial court did not abuse its discretion when it did not consider certain factors to be mitigators when sentencing Woodson.  Similarly, Woodson's sentence is not inappropriate.  Accordingly, we affirm.

[17] Affirmed.

Vaidik, C.J., and Altice, J., concur.