# Illinois Official Reports

## Appellate Court

---

### *Dawson v. City of Geneseo*, 2018 IL App (3d) 170625

---

| | |
|---|---|
| Appellate Court Caption | LARRY DAWSON, Plaintiff-Appellant, v. CITY OF GENESEO, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-17-0625 |
| Filed | October 23, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 16-L-24; the Hon. Jeffrey W. O'Connor, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | John E. Remus, of McCarthy, Callas, & Feeney, P.C., of Rock Island, for appellant.<br><br>Margaret Kostopulos, Darcy L. Proctor, and Kurt S. Asprooth, of Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C., of Chicago, for appellee. |
| Panel | PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.<br>Justices McDade and Schmidt concurred in the judgment and opinion. |

**OPINION**

¶ 1        Plaintiff, Larry Dawson, a retired former employee of defendant, the City of Geneseo (City), filed a class action lawsuit against the City to challenge the City's reduction of the percentage it contributed to retiree health insurance premiums. Plaintiff alleged in his first amended complaint a violation of the pension protection clause of the Illinois Constitution of 1970 (Ill. Const. 1970, art. XIII, § 5) (count I) and claims of breach of contract (count II), promissory estoppel (count III), and equitable estoppel (count IV). The City filed a combined motion, seeking to dismiss count I of the first amended complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2016)) and to dismiss counts II, III, and IV pursuant to section 2-619 of the Code (*id.* § 2-619). Plaintiff opposed the motion to dismiss. After a hearing, the trial court granted the City's motion and dismissed plaintiff's first amended complaint with prejudice. Plaintiff appeals. We affirm the trial court's judgment.

¶ 2                                        I. BACKGROUND

¶ 3        Plaintiff previously worked for the City and subsequently retired. At the time of his retirement, the City's Personnel Ordinance allowed employees who retired with 10 or more years of service to continue to participate in the City's group health insurance program on a shared-cost basis with the City. The fixed percentage of the cost that the City would pay/contribute to a retiree's health insurance premium was specified in the ordinance and varied depending upon the employee's years of service. In November 2011, however, the City amended its Personnel Ordinance due to rising healthcare costs, reduced the contribution percentage, and capped the amount that it would contribute to an existing retiree's health insurance premium. The amendment went into effect in January 2012.

¶ 4        In December 2016, plaintiff, on behalf of himself and a proposed class of retired City employees, filed the instant class action lawsuit against the City regarding the reduction of the health insurance contribution.[1] The complaint was later amended. In count I of the first amended complaint, plaintiff alleged that the health insurance contribution was a retirement or pension benefit that was protected under the pension protection clause of the Illinois Constitution and that the City violated that clause by diminishing or impairing that benefit. In count II, plaintiff alleged that the Personnel Ordinance constituted a valid and enforceable contract between the City and the retirees and that the City breached that contract by reducing the health insurance contribution. In count III, plaintiff sought relief under a theory of promissory estoppel, alleging that the contribution percentage specified in the pre-amended version of the Personnel Ordinance was an unambiguous promise by the City and that the retirees had relied upon that promise to their detriment. Finally, in count IV of the first amended complaint, plaintiff alleged that the Personnel Ordinance and the City's course of conduct had created a contract between the City and the retirees, from which the City received a benefit, and that the City should be equitably estopped from refusing to pay the prior contribution amount. Plaintiff sought money damages and to restore the City's contribution percentage to its prior level for retirees. Copies of the health insurance provisions from the pre-amendment and post-amendment versions of the Personnel Ordinance were attached to plaintiff's first amended complaint as supporting documents.

---

[1]As of this time, the proposed class specified in plaintiff's complaint has not been certified.

¶ 5        In June 2017, the City filed a combined motion to dismiss plaintiff's first amended complaint. In the combined motion, the City sought to dismiss count I of the first amended complaint pursuant to section 2-615 of the Code because count I allegedly failed to state a cause of action for violation of the pension protection clause. The City also sought to dismiss counts II, III, and IV of the first amended complaint pursuant to section 2-619 of the Code because the counts were allegedly barred by a disclaimer clause in the Personnel Ordinance that precluded the formation of a contract between the City and the retirees. The City attached to its combined motion to dismiss a full copy of the Personnel Ordinance. Of relevance to this appeal, the first page of the Personnel Ordinance indicated that the ordinance had been enacted in 1995 and had been amended several times over the years. Also of relevance to this appeal, section 1.01 of the ordinance, titled "Personnel Ordinance Declaration," (emphasis omitted) provided:

> "Terms, conditions and policies set forth in this ordinance are not intended to create a contract, nor are they to be construed to constitute contractual obligations of any kind or a contract of employment between the City and any of its employees for a specified period of time. Contents of the Personnel Ordinance are for informational purposes only.

> This ordinance has been developed at the discretion of the Council and may be amended or cancelled at anytime, at the City's sole discretion upon the advice and recommendation of the City Boards."

Plaintiff filed a response and opposed the City's combined motion to dismiss, and the City filed a reply to that response.

¶ 6        In August 2017, a hearing was held on the City's combined motion to dismiss. After listening to the arguments of the attorneys, the trial court granted the City's combined motion, dismissed count I of the first amended complaint with prejudice pursuant to section 2-615 of the Code, and dismissed counts II, III, and IV of the first amended complaint with prejudice pursuant to section 2-619 of the Code. Plaintiff appealed.

¶ 7                                II. ANALYSIS
¶ 8                    A. The Trial Court's Grant of the City's Section 2-615
                              Motion to Dismiss Count I
¶ 9        As his first point of contention on appeal, plaintiff argues that the trial court erred in granting the City's section 2-615 motion to dismiss count I (the violation of the pension protection clause claim) of plaintiff's first amended complaint. Plaintiff asserts that the motion to dismiss should have been denied because (1) the benefit at issue in this case—a health insurance contribution provided to employees and retirees by the City, a unit of local government—is protected under the pension protection clause, (2) as a protected benefit, the health insurance contribution cannot be diminished or impaired by the City, and (3) the City's unilateral action of modifying the Personnel Ordinance, which had the direct effect of diminishing and impairing plaintiff's health insurance benefits, violated the pension protection clause. Thus, plaintiff contends, although somewhat implicitly, that count I of his complaint was sufficient to state a claim for violation of the pension protection clause. In making that contention, plaintiff maintains that the coverage of the pension protection clause is not limited solely to the State's public pension or retirement systems, as the City claims, but applies to

benefits provided by a unit of local government, such as the City in the present case, as the plain language of the pension protection clause clearly indicates. For those reasons, plaintiff asks that we reverse the trial court's grant of the City's section 2-615 motion to dismiss count I of plaintiff's first amended complaint and, presumably, that we remand this case for further proceedings.

¶ 10 The City argues that the trial court's ruling was proper and should be upheld. In support of that argument, the City asserts that (1) the pension protection clause applies only to benefits derived from membership in one of the State's public pension or retirement systems (those governed by the Illinois Pension Code (40 ILCS 5/1-101 *et seq.* (West 2016))), (2) the health insurance contribution provided by the City in this case was not such a benefit but, rather, was merely an employment policy of the City, (3) in addition, the health insurance contribution was not a pension or retirement system in and of itself, (4) the pension protection clause, therefore, did not apply to the health insurance contribution in the present case, and (5) the City's change in its employment policy, which reduced the health insurance contribution, did not violate the pension protection clause. Thus, the City contends that the trial court correctly found that count I of plaintiff's first amended complaint failed to state a cause of action for violation of the pension protection clause and correctly granted the City's section 2-615 motion to dismiss count I on that basis. For that reason, the City asks that we affirm the trial court's grant of the City's section 2-615 motion to dismiss count I of plaintiff's first amended complaint.

¶ 11 A section 2-615 motion to dismiss challenges the legal sufficiency of a complaint based upon defects that are apparent on the face of the complaint. See 735 ILCS 5/2-615 (West 2016); *Heastie v. Roberts*, 226 Ill. 2d 515, 531 (2007). In ruling upon a section 2-615 motion, a court must accept as true all well-pleaded facts and all reasonable inferences that may be drawn from those facts. *Heastie*, 226 Ill. 2d at 531. The crucial inquiry in ruling upon a section 2-615 motion to dismiss is whether the allegations of the complaint, when considered in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Board of Directors of Bloomfield Club Recreation Ass'n v. The Hoffman Group, Inc.*, 186 Ill. 2d 419, 424 (1999). A cause of action should not be dismissed pursuant to section 2-615 unless it is clearly apparent that the plaintiff cannot prove any set of facts that will entitle the plaintiff to recovery. *Heastie*, 226 Ill. 2d at 531. In reviewing a trial court's ruling on a section 2-615 motion to dismiss, the appellate court applies a *de novo* standard of review. *Id.* at 530-31. When *de novo* review applies, the appellate court performs the same analysis that the trial court would perform. *Direct Auto Insurance Co. v. Beltran*, 2013 IL App (1st) 121128, ¶ 43. The appellate court may affirm a trial court's grant of a section 2-615 motion to dismiss on any basis supported by the record. *Fidelity National Title Insurance Co. of New York v. Westhaven Properties Partnership*, 386 Ill. App. 3d 201, 220 (2007).

¶ 12 The pension protection clause of the Illinois Constitution provides that "[m]embership in any pension or retirement system of the State, any unit of local government or school district, or any agency or instrumentality thereof, shall be an enforceable contractual relationship, the benefits of which shall not be diminished or impaired." Ill. Const. 1970, art. XIII, § 5. Thus, members of a pension or retirement plan that is subject to the pension protection clause's provisions have a legally enforceable right to receive the benefits that they have been promised. *In re Pension Reform Litigation*, 2015 IL 118585, ¶ 46. In interpreting the pension protection clause, our supreme court has stated that the clause means precisely what it says—if

something qualifies as a benefit of the enforceable contractual relationship resulting from membership in one of the State's pension or retirement systems, it cannot be diminished or impaired. *Id.* ¶ 45 (discussing the application of the pension protection clause in a case involving a challenge to the constitutionality of an amendment to the Illinois Pension Code); *Kanerva v. Weems*, 2014 IL 115811, ¶ 38 (discussing the application of the pension protection clause in a case involving a challenge to a public act eliminating the statutory standards for the State's contributions to health insurance premiums for members of the State's retirement systems). The protections afforded to such benefits by the pension protection clause attach once an individual first starts employment in a position covered by a public pension or retirement system, not when the employee ultimately retires. *Pension Reform Litigation*, 2015 IL 118585, ¶ 46. Therefore, once a person begins work and becomes a member of a public pension or retirement system, any subsequent changes to the Illinois Pension Code that would diminish or impair the benefits conferred by membership in the pension or retirement system cannot be applied to that person. *Id.*

¶ 13 In the present case, after having reviewed the record, we find that the benefit plaintiff seeks to enforce, a contribution by the City to health insurance premiums for employees and retirees, is not a pension or retirement system in and of itself, as plaintiff seems to imply. Nor is it a benefit that results from membership in one of the protected public pension or retirement systems—those provided for under the Illinois Pension Code—some of which are established and administered by participating municipalities.[2] See *Kanerva*, 2014 IL 115811, ¶ 36. We must conclude, therefore, that the City's health insurance contribution is not a benefit that is protected by the pension protection clause from being diminished or impaired by the City. See Ill. Const. 1970, art. XIII, § 5; *Pension Reform Litigation*, 2015 IL 118585, ¶ 45; *Kanerva*, 2014 IL 115811, ¶ 38. Rather, as the City maintains, the health insurance contribution was merely part of the City's employment policy and was offered to all employees and to retirees with 10 or more years of service, regardless of the employee's or retiree's membership in a public pension or retirement system. See *Pisani v. City of Springfield*, 2017 IL App (4th) 160417, ¶¶ 25-32 (finding that the city's elimination of a vacation buyback provision, which was an employment policy contained in an ordinance, did not violate the pension protection clause). Thus, the City was free to change its employment policy and to reduce or change the health insurance contribution without running afoul of the pension protection clause. Because plaintiff did not and could not plead facts sufficient to establish a pension protection clause violation, the trial court properly granted the City's section 2-615 motion to dismiss count I of plaintiff's first amended complaint. See *Heastie*, 226 Ill. 2d at 531; *Board of Directors of Bloomfield Club Recreation Ass'n*, 186 Ill. 2d at 424.

---

[2]Some of the pension or retirement systems provided for under the Illinois Pension Code include the General Assembly Retirement System (40 ILCS 5/2-101 *et seq.* (West 2016)), the Police Pension Fund (*id.* § 3-101 *et seq.*), the Firefighters' Pension Fund (*id.* § 4-101 *et seq.*), the Illinois Municipal Retirement Fund (*id.* § 7-101 *et seq.*), the State Employees' Retirement System of Illinois (*id.* § 14-101 *et seq.*), the State Universities Retirement System (*id.* § 15-101 *et seq.*), the Teachers' Retirement System of the State of Illinois (*id.* § 16-101 *et seq.*), and the Judges Retirement System of Illinois (*id.* § 18-101 *et seq.*).

¶ 14                       **B. The Trial Court's Grant of the City's Section 2-619**
**Motion to Dismiss Counts II, III, and IV**

¶ 15       As his second point of contention on appeal, plaintiff argues that the trial court erred in granting the City's section 2-619(a)(9) motion to dismiss counts II, III, and IV (the breach of contract, promissory estoppel, and equitable estoppel claims) of plaintiff's first amended complaint. Plaintiff asserts that the trial court did not have sufficient information before it to grant the City's section 2-619 motion to dismiss because the first page of the Personnel Ordinance that the City tendered indicated that the ordinance had been amended several times over the years but did not indicate whether the disclaimer upon which the City relies was present in the applicable prior version of the ordinance. Rather, plaintiff contends, a more thorough review of the history of the ordinance should be undertaken through the discovery process to determine if the disclaimer was present in the applicable prior version. Plaintiff asks, therefore, that we reverse the trial court's grant of the City's section 2-619 motion to dismiss counts II, III, and IV of plaintiff's first amended complaint and that we remand this case with directions for further proceedings.

¶ 16       The City argues that the trial court's ruling was proper and should be upheld. The City asserts that the disclaimer contained in the Personnel Ordinance is a clear and unambiguous statement by the City that the Personnel Ordinance does not create any contractual rights or constitute a binding unchangeable promise by the City. In fact, the City maintains, the intent of the disclaimer was to prevent any employee from relying upon the terms of the ordinance. Finally, and more directly to plaintiff's specific contention, the City asserts that the time for plaintiff to investigate the history of the ordinance was prior to filing this lawsuit. The City notes that plaintiff has not alleged in his first amended complaint that a different version of the Personnel Ordinance applies or that the applicable version of the Personnel Ordinance lacks the disclaimer. For all of the reasons stated, the City asks that we affirm the trial court's grant of the City's section 2-619 motion to dismiss counts II, III, and IV of plaintiff's first amended complaint.

¶ 17       Section 2-619 of the Code allows a litigant to obtain an involuntary dismissal of an action or claim based upon certain defects or defenses. See 735 ILCS 5/2-619 (West 2016); *Van Meter v. Darien Park District*, 207 Ill. 2d 359, 367 (2003). The statute's purpose is to provide litigants with a method for disposing of issues of law and easily proven issues of fact early in a case, often before discovery has been conducted. See *Van Meter*, 207 Ill. 2d at 367; *Advocate Health & Hospitals Corp. v. Bank One, N.A.*, 348 Ill. App. 3d 755, 759 (2004). In a section 2-619 proceeding, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter to defeat the nonmoving party's claim. *Van Meter*, 207 Ill. 2d at 367. Section 2-619 lists several different grounds for which an involuntary dismissal may be granted. See 735 ILCS 5/2-619(a)(1) to (a)(9) (West 2016). Under subsection (a)(9), the subsection that applies in this case, a litigant may obtain an involuntary dismissal of a claim asserted against him if the claim is barred by other affirmative matter, which avoids the legal effect of or defeats the claim. *Id.* § 2-619(a)(9). An "affirmative matter" is something in the nature of a defense that negates the cause of action completely. *Van Meter*, 207 Ill. 2d at 367. In ruling upon a section 2-619 motion to dismiss, the court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* at 367-68. On appeal, a dismissal pursuant to section 2-619 is reviewed *de novo*. *Id.* at 368. As noted above, when *de novo* review applies, the appellate court performs the same analysis that the

trial court would perform. *Beltran*, 2013 IL App (1st) 121128, ¶ 43. A trial court's grant of a section 2-619 motion to dismiss a complaint may be affirmed on any basis supported by the record. *Board of Trustees of Community College, District No. 508 v. Coopers & Lybrand LLP*, 296 Ill. App. 3d 538, 543 (1998).

¶ 18 In resolving the employment-related section 2-619 issue in the present case, we are mindful of the following principles of employment law. It is well established under Illinois law that an employee hired for an indefinite period of time may be terminated at will. See *Duldulao v. Saint Mary of Nazareth Hospital Center*, 115 Ill. 2d 482, 489 (1987). The presumption of at-will employment, however, may be overcome by demonstrating that the parties contracted otherwise. *Id.* For example, an employee handbook may create contract rights that may be enforced by an employee if the following three traditional contract elements are present: (1) the language of the handbook contains a promise clear enough that the employee would reasonably believe that an offer has been made, (2) the handbook is disseminated to the employee so that the employee is aware of its contents and reasonably believes the promise contained therein to be an offer, and (3) the employee starts working for the employer or continues to do so, thereby accepting the offer and providing consideration through his or her continued employment. See *id.* at 490; *Ivory v. Specialized Assistance Services, Inc.*, 365 Ill. App. 3d 544, 546 (2006). An employer who chooses to set forth policies in an employee handbook as an inducement to attract and retain a skilled and loyal workforce cannot later disregard those obligations simply because they now seem inconvenient or burdensome. See *Doyle v. Holy Cross Hospital*, 186 Ill. 2d 104, 116 (1999). Nevertheless, an employer may negate the promises contained in an employee handbook through the use of a disclaimer. See *Duldulao*, 115 Ill. 2d at 491; *Ivory*, 365 Ill. App. 3d at 546. Thus, when an employee handbook contains a disclaimer indicating that the handbook promises nothing and does not act as a contract, no enforceable contract rights will be created in favor of the employee. *Ivory*, 365 Ill. App. 3d at 546. Rather, under those circumstances, it would not be reasonable for the employee to interpret the promises made in the handbook as an offer or to rely upon those promises. See *id.*

¶ 19 In the instant case, when we consider the legal principles set forth above along with the record presented, we find that the trial court correctly granted the City's section 2-619 motion to dismiss. As the City rightly notes, the disclaimer contained in the City's Personnel Ordinance clearly stated that the terms, condition, and policies set forth in the ordinance were for information purposes only, were not intended to create a contract, and were not to be construed as constituting contractual obligations of any kind or a contract of employment between the City and any of its employees. Based upon the clear language of the instant disclaimer, plaintiff could not reasonably believe that the terms of the Personnel Ordinance constituted an offer. See *id.* (holding that it was not reasonable for the plaintiff-employee to construe the terms of the employee manual as an offer when the manual contained a clearly worded disclaimer in its introduction, stating that the manual should not be read as " 'forming an expressed or implied contract or promise' "); *Hogge v. Champion Laboratories, Inc.*, 190 Ill. App. 3d 620, 629-30 (1989) (finding that the plaintiff-employee could not reasonably believe that the terms of the employee handbook constituted an offer when the handbook contained an express disclaimer, stating that the handbook was not intended to be all inclusive and should not be "construed as an employment contract"). Furthermore, the disclaimer in this case also made it clear to plaintiff and the other employees that the City could amend or

eliminate the provisions of the Personnel Ordinance at any time. Indeed, the City had amended the ordinance numerous times since the ordinance was enacted. Under the present circumstances, we must conclude, therefore, that count II of plaintiff's first amended complaint, which alleged a breach of contract, was negated by the disclaimer and was properly dismissed by the trial court.

¶ 20    A similar analysis applies to count III of plaintiff's first amended complaint, which alleged promissory estoppel. Based upon the disclaimer that was contained in the Personnel Ordinance, plaintiff could not reasonably rely on any promises made in the ordinance. See *Ivory*, 365 Ill. App. 3d at 546; *Hogge*, 190 Ill. App. 3d at 629-30. Lacking reasonable reliance, plaintiff's promissory estoppel claim was defeated. See *Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 309-10 (1990) (noting that to establish a valid claim of promissory estoppel, the plaintiff's reliance must be reasonable and justifiable). Therefore, plaintiff's claim for promissory estoppel was properly dismissed. See *id.* Finally, count IV of plaintiff's first amended complaint, which alleged a claim of equitable estoppel, was properly dismissed as well because the claim was based upon the existence of a contract between plaintiff and the City and we have already determined that such a contract did not exist. In concluding that plaintiff's promissory and equitable estoppel claims against the City were properly dismissed, we note that such claims are generally not allowed against a municipality, where public revenues are at stake, absent some exceptional circumstances. See *Chicago Limousine Service, Inc. v. City of Chicago*, 335 Ill. App. 3d 489, 499 (2002) (recognizing in the context of a promissory estoppel claim that estoppel against a public body is not favored and is allowed only in rare and unusual circumstances when necessary to prevent fraud and injustice); *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 40 (noting in the context of an equitable estoppel claim that when public revenues are at stake, estoppel is particularly disfavored). The circumstances of the present case are not rare or unusual or indicative of any type of fraud or injustice on behalf of the City and do not justify the imposition of estoppel. See *Chicago Limousine Service, Inc.*, 335 Ill. App. 3d at 499; *Patrick Engineering, Inc.*, 2012 IL 113148, ¶ 40.

¶ 21    As a final matter, we must take a moment to comment upon plaintiff's assertion that additional information was necessary before dismissal could be granted. As the City correctly notes, plaintiff did not allege in his first amended complaint that a different version of the Personnel Ordinance applied or that the applicable version lacked the disclaimer at issue. Thus, we cannot agree with plaintiff's assertion that more information is needed before dismissal could be allowed. Plaintiff's claims in the instant case were negated by the disclaimer, and the trial court properly granted the City's section 2-619 motion to dismiss counts II, III, and IV of plaintiff's first amended complaint on that basis.

¶ 22                                    III. CONCLUSION

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court of Henry County.

¶ 24    Affirmed.