# Illinois Official Reports

## Appellate Court

---

**People v. $940 United States Currency**, 2019 IL App (3d) 180102

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. $940 UNITED STATES CURRENCY, Defendant (Anthony Alexander, Claimant-Appellee). |
| District & No. | Third District No. 3-18-0102 |
| Filed | November 15, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 17-MR-2714; the Hon. Carmen Goodman, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino, David J. Robinson, and Nicholas A. Atwood, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | No brief filed for appellee. |
| Panel | JUSTICE McDADE delivered the judgment of the court. Justice Wright specially concurred, with opinion. Presiding Justice Schmidt dissented, with opinion. |

**OPINION**

¶ 1        The State filed a complaint for forfeiture of $940 United States currency after the police recovered the currency, along with 4.5 grams of cannabis, while executing an arrest warrant. Claimant asserted that he owned the currency, that it derived from a title loan, and that he borrowed it to pay bills. Subsequently, claimant filed a motion to dismiss the State's complaint, alleging that the State incorrectly asserted that he was involved in a felony transaction, entitling it to seek forfeiture of the $940. The State filed a motion to strike arguing that claimant improperly brought the motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2016)). The State later filed an amended complaint that was identical to the first but for its excision of the word "felony." A hearing was held on the motions, and the trial court granted claimant's motion to dismiss. The State orally moved for reconsideration of the ruling, which the court denied. The State appealed. We affirm.

¶ 2                                        I. BACKGROUND

¶ 3        In October 2017, the State filed a complaint for forfeiture pursuant to sections 12(a)(4) and 12(a)(5) of the Cannabis Control Act (Act) (720 ILCS 550/12(a)(4), (5) (West 2016)). In the complaint, the State alleged that, on July 25, 2017, the narcotics unit of the Joliet Police Department executed an arrest warrant for claimant, Anthony Alexander, at a residence in Joliet, Illinois. The officers observed, in plain view, four clear plastic bags containing a plant-like substance. The substance tested positive for the presence of cannabis and weighed about 4.5 grams. The officers also observed and seized $940 United States currency. The State alleged that the $940 was used to facilitate a felony violation under the Act, that the money was subject to forfeiture, and that it should be released to the director of the Illinois State Police for distribution as directed by statute. Alexander filed a verified claim asserting his interest in the $940.

¶ 4        In December 2017, Alexander filed a *pro se* motion to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2016)), arguing that the complaint could not be sustained because the sections of the Act pursuant to which he had been charged required a felony violation, that he had neither been involved in nor charged with a felony violation, that the complaint was defective on its face, and that plaintiff lacked the statutory ability to "sue Defendant property under the Cannabis Control Act." Alexander further asserted in the motion to dismiss that he had been issued compliance ticket No. 50717 by the City of Joliet charging him with an ordinance violation for possession of the cannabis. He asked the court to take judicial notice of the ticket. The State filed a motion to strike the motion to dismiss because Alexander failed to allege any of the nine enumerated grounds for dismissal under section 2-619.

¶ 5        Thereafter, the State filed an amended complaint in which the sole change was the removal of the word "felony." Alexander responded, arguing that he received the $940 from a title loan he took out on his vehicle to pay his bills. In February 2018, a hearing was held on the motions. The State acknowledged at the motion hearing and has also confirmed in its brief in this appeal that Alexander was indeed charged with an ordinance violation. The trial court granted the motion to dismiss, stating:

"My viewpoint of the cannabis [Act] or my reading of the cannabis [Act] and the way that I was trained that it has to be a felony amount. I mean we just—in fact the new law is trying to eliminate these little small amounts that we take from people.

Motion to dismiss is granted. You are to return the $940.00.

It's an ordinance violation. It's an ordinance violation. It's an ordinance violation. I understand that you first alleged that it was a felony amount, then you changed it, but it doesn't change the law in and of itself. I know that there is a reading by some judges and there is a reading by the State that it's any small amount, but if that was the case, we wouldn't go through the scales and the this and the delivery and that. We can just say that they had, you know, residue and take people's property. I don't think that that was the intent of the forfeiture law at all. Motion to dismiss is granted under these particular circumstances. He's saying that it doesn't allege an offense, period, and that's as clear as it can be whether he said the eight different ways of a motion to dismiss in terms of criminal or in terms of the civil proceedings."

¶ 6       The State orally requested the court to reconsider its ruling, arguing that a felony violation is not required to prove it is entitled to forfeit the $940. The trial court denied the request, stating "[there] still had to be some type of exchange here. There was nothing here to indicate that was—would have brought it up. It had to be some intent. Given that the motion to reconsider is denied." Although the circuit court's docket entry reflects the dismissal was without prejudice, the file was closed after the order of dismissal was entered, giving rise to a reasonable inference that, notwithstanding the notation, the dismissal was with prejudice. The State appealed.

¶ 7                                      II. ANALYSIS

¶ 8       Initially we note that no brief was filed by the appellee in this appeal. We are nonetheless able to decide the merits of the appeal because the record before us is not complicated and the claimed errors are such that we can easily resolve the issues without the aid of an adversarial analysis. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 9       On appeal, the State raises both procedural and substantive challenges to the trial court's decision. The State contends a procedural error occurred when the court granted defendant's motion to dismiss because it had been improperly asserted as a section 2-619 motion (735 ILCS 5/2-619 (West 2016)). The State also contends that the trial court erred substantively when it held that (1) in order to forfeit the currency, the State must prove it was furnished or intended to be furnished by Alexander in exchange for a felony amount of cannabis; (2) the motion to dismiss responded to the State's original complaint and not to the amended complaint, which did not allege that Alexander was involved in a felony violation; and (3) the State met the presumption that Alexander furnished or intended to furnish money in exchange for cannabis under section 7(1) (725 ILCS 150/7(1) (West 2016)) because its amended complaint alleged that the cannabis and $940 were in close proximity and Alexander failed to rebut the presumption because he did not provide any evidence to support his claim that the $940 derived from a title loan.

¶ 11       Section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2016)) allows a litigant to obtain an involuntary dismissal of an action or claim based upon specific, enumerated defects or defenses. *Dawson v. City of Geneseo*, 2018 IL App (3d) 170625, ¶ 17. The purpose of a section 2-619 motion to dismiss is to dispose of issues of law and easily proved issues of fact at the outset of litigation. *Id.* In such a motion, the moving party admits the legal sufficiency of the complaint but asserts an affirmative defense or other matter to defeat the nonmoving party's claim. *Id.* The court must construe all of the pleadings and supporting documents in the light most favorable to the nonmoving party. *Id.* On appeal, a dismissal under section 2-619 is reviewed *de novo. Id.*

¶ 12       Alexander's dismissal motion does not specifically identify an enumerated ground for dismissal set forth in section 2-619. That motion asserted in its entirety as follows:

> "CLAIMANT, Anthony Alexander, moves this Court to dismiss the instant case and in support states:
>
> 1. Plaintiff's Complaint alleges that the Joliet Police Department seized '4.5 grams' of suspected cannabis from Claimant. Pl. Compl ¶ 3.
>
> 2. Claimant was subsequently charged for the ordinance violation of Possession of Cannabis by the City of Joliet, in Compliance Ticket # 50717. Claimant asks this Court to take judicial notice of the ticket.
>
> 3. Plaintiff alleges that the instant case is brought pursuant to 'a felony violation of the Cannabis Control Act' and states that the violation occurred under § 720 ILCS 550/12(a)(4) & (a)(5).
>
> 4. Both (a)(4) and (a)(5) require that the property in the forfeiture action must have been involved in a 'felony violation of [the Cannabis Control] Act.'
>
> 5. Claimant was not involved in any felony violation of the Cannabis Control Act, and was never charged with any felony violation of the Cannabis Control Act.
>
> 6. Plaintiff's complaint is defective on its face and Plaintiff lacks the statutory ability to sue Defendant property under the Cannabis Control Act.
>
> CLAIMANT prays this Court to dismiss the instant action, pursuant to § 735 ILCS 5/2-619 as Plaintiff lacks the ability to sue Defendant property under the Cannabis Control Act."

The gist of Alexander's motion is that the State is statutorily barred from maintaining the claim because the *two* sections of the statute pursuant to which the State seeks forfeiture require that the underlying transaction be chargeable as a felony and that it could not be and was not so charged. In an effort to strike the motion, the State argued that it was not brought under any of the nine enumerated grounds for dismissal under section 2-619 but merely denies a factual allegation. A motion made under section 2-619 is limited to one of the nine grounds that bars relief. *Hill v. Butler*, 107 Ill. App. 3d 721, 728 (1982). A motion solely seeking to deny the factual allegations of a complaint is not properly pled under section 2-619. *Id.* We consider whether Alexander's motion asserts a defense addressable by section 2-619.

¶ 13       It seems clear that none of the first eight defenses set out in section 2-619(a) applies. However, subsection (a)(9) does appear to include the defense alleged by Alexander. It provides: "(9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." Here, the motion to dismiss attacks the

State's authority under the statute for bringing an action to forfeit currency where no felony was involved. Such a basis for dismissal, if established, would constitute an affirmative matter defeating the forfeiture claim; a section 2-619(a)(9) motion is procedurally appropriate for advancing that argument.

¶ 14                                    Alleged Substantive Defects of Dismissal

¶ 15        Further, the State argues that the trial court also erred substantively in that it misconstrued the forfeiture statute when it made its ruling on the motion to dismiss. The trial court granted the motion to dismiss on the basis that, in order to prove the State is entitled to forfeiture under section 12(a)(5), the State must show that Alexander furnished or intended to furnish the $940 in exchange for a *felony amount* of cannabis. We can affirm the trial court on its enunciated basis or on any grounds supported by the record. *People v. Lee*, 2016 IL App (2d) 150359, ¶ 14.

¶ 16        Pertinent to the State's amended complaint, section 12(a) lists the type of property subject to forfeiture as follows:

         "(a) The following are subject to forfeiture:

                                                * * *

                (4) all money, things of value, books, records, and research products and materials including formulas, microfilm, tapes, and data which are used, or intended for use in a felony violation of this Act;

                (5) everything of value furnished or intended to be furnished by any person in exchange for a substance in violation of this Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used, or intended to be used, to commit or in any manner to facilitate any felony violation of this Act[.]" Pub. Act 99-686, § 5 (eff. July 29, 2016) (amending 720 ILCS 550/12).

¶ 17        Under the plain language of section 12(a)(4), the State must prove that the property to be seized (here $940) was used or was intended to be used in a felony violation. Whether a felony violation is required under section 12(a)(5) is more complicated in this case. We note that 26 years ago this court considered this issue and found that a felony is not required under section 12(a)(5) in some circumstances. In *People ex rel. Burmila v. Nine Hundred Six Dollars in United States Currency*, 242 Ill. App. 3d 467, 468 (1993), the State argued that the trial court had erroneously determined that, under the forfeiture statute, the State was required to show that the claimant had a felony conviction. On appeal, the *Burmila* court held that section 12(a)(5) contains two distinct subjects of forfeiture: (1) things of value that were to be exchanged for an illegal substance and (2) monetary items that are to be used to commit or facilitate a felony. *Id.* at 469. The court explained that "[s]ection 12(a)(5) provides that property intended to be *exchanged* for cannabis is forfeitable, *regardless of whether it was part of a felony transaction*." (Emphasis in original and added.) *Id.* In other words, to be entitled to forfeiture, the State need not prove a felony offense occurred *if* it can show that the money was intended to be exchanged for cannabis.

¶ 18        In the instant case, in order to show that such an exchange occurred or was intended to occur, the State relies on the following presumption described in section 7 of the Drug Asset Forfeiture Procedure Act (725 ILCS 150/7 (West 2016)):

"The following situations shall give rise to a presumption that the property described therein was furnished or intended to be furnished in exchange for a substance in violation of the Illinois Controlled Substances Act, the Cannabis Control Act, or the Methamphetamine Control and Community Protection Act, or is the proceeds of such an exchange, and therefore forfeitable under this Act, such presumptions being rebuttable by a preponderance of the evidence:

(1) All moneys, coin, or currency found *in close proximity* to forfeitable substances, to forfeitable drug manufacturing or distributing paraphernalia, or to forfeitable records of the importation, manufacture or distribution of substances[.]" (Emphasis added.)

We have scoured both the original and amended versions of the State's forfeiture complaint, and contrary to the State's argument, nowhere does it allege that the currency it seeks to forfeit was found in close proximity to the drugs. The sole fact in the amended complaint relative to the location of the drugs asserts: "Additionally, $940.00 United States currency was located and seized, as well." The State also cites the report of proceedings as additional support that it has alleged the money was "in close proximity" to the seized cannabis. A review of the transcript reveals that, although the State acquiesced to the trial court's bare conclusory inquiry of whether there was "close proximity," there were no facts presented during the hearing alleging where the currency was found relative to the drugs. Thus the amended complaint and the State's argument at the hearing fail to give rise to the presumption from which the State claims to benefit. Failing that presumption, the State can only claim the $940 by forfeiture if it proves that the "moneys *** [were] used, or intended to be used, to commit or in any manner facilitate any felony violation of this Act." Pub. Act 99-686, § 5 (eff. July 29, 2016) (amending 720 ILCS 550/12).

¶ 19                                   III. CONCLUSION

¶ 20       We find that the trial court did not err is finding the claimant's motion to dismiss was properly brought under section 2-619. We also find that the trial court did not err in dismissing the amended complaint. Accordingly, the judgment of the circuit court of Will County is affirmed.

¶ 21       Affirmed.

¶ 22       JUSTICE WRIGHT, specially concurring:

¶ 23       I agree that the trial court's decision should be affirmed. I reach the same conclusion as the author but for different reasons. It is well established that we may affirm the trial court on any basis in the record. *People v. Lee*, 2016 IL App (2d) 150359, ¶ 14.

¶ 24       While I share the State's view that the motion filed by the self-represented litigant was miscaptioned as a section 2-619 motion to dismiss, I disagree that the miscaptioned motion should have been treated as a section 2-615 motion to dismiss. Based on the uncontested facts set forth in the pleadings, I conclude that the trial court properly considered the miscaptioned motion as a motion for summary judgment. On this basis, I would affirm summary judgment in favor of defendant. Here, the uncontested facts reveal the State was not entitled to retain the confiscated funds based on statute. Therefore, I would affirm the trial court's final order

- 6 -

denying the State's request for forfeiture.

¶ 25    PRESIDING JUSTICE SCHMIDT, dissenting:

¶ 26    I would reverse. The issues raised by defendant and relied upon by the trial judge are a matter of proof, not pleading. See *Burmila*, 242 Ill. App. 3d 467.